IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL CARTER,                      :

    Petitioner,                :

v.                                  :   Civil Action No. GLR-15-2820

WARDEN RICHARD MILLER, et al.,      :

    Respondents.               :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Daniel Carter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2012). (ECF No. 1). Carter challenges his 1999 judgment of conviction in the Circuit Court for Baltimore City, Maryland (the "Trial Court") for first-degree murder and two handgun offenses. Having reviewed the Petition (ECF No. 1), Respondents'[1] Limited Answer (ECF No. 4), and Carter's Response (ECF No. 6), the Court finds an evidentiary hearing is not necessary. See 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be dismissed.

**I.  BACKGROUND**

In September 1999, a jury sitting in the Trial Court convicted Carter of first-degree murder and two handgun offenses arising from a 1998 homicide. (Resp'ts Limited Ans. Ex. 1, at

---

[1] Respondents include the Warden of the North Branch Correctional Institution and the Attorney General of the State of Maryland.

1, ECF No. 4-1; Ex. 2, at 3, ECF No. 4-2). In November 1999, the Trial Court sentenced Carter, who was then a teenager, to life imprisonment plus twenty consecutive years of imprisonment. (Id.). In an unreported opinion filed on January 26, 2001, the Court of Special Appeals of Maryland vacated Carter's sentences for the two handgun offenses, but otherwise affirmed the judgment of conviction. (ECF No. 4-2). On May 11, 2001, the Court of Appeals of Maryland denied Carter's request for further direct review. See Carter v. State, 771 A.2d 1069 (2001). Carter did not seek direct review in the Supreme Court of the United States.

Over seven years later, on August 11, 2008, Carter filed a petition for post-conviction relief in the Trial Court. (Resp'ts Limited Ans. Ex. 1, at 7). The Trial Court denied the petition on July 21, 2009. (Id. at 8). On June 16, 2011, the Court of Special Appeals issued its mandate denying Carter's application for leave to appeal. (Id.).

Between August 13, 2012 and December 4, 2014, Carter filed three motions to reopen his post-conviction proceedings. (Id. at 9-10, 12). The Trial Court denied all of the motions, and the Court of Special Appeals denied all three of Carter's applications for leave to appeal. (Id. at 9-10, 12-14). The Court of Special Appeals issued the mandate for the third and final denial on September 23, 2015. (Id. at 14).

Carter filed his Petition with this Court on September 18, 2015, challenging his 1999 conviction as violative of federal law based on juror misconduct and an improper interrogation and sentence. (ECF No. 1). Respondents filed a Limited Answer on November 30, 2015 (ECF No. 4), and Carter filed a Response on December 10, 2015 (ECF No. 6).

## II.  DISCUSSION

Respondents argue that Carter's Petition is time-barred under 28 U.S.C. § 2244(d)(1). Carter acknowledges that he filed his Petition outside the statute of limitations, but contends that he is entitled to equitable tolling for the following reasons: (1) he suffers from learning disabilities and a low intelligence quotient; (2) trial and appellate counsel did not inform him that he could seek federal habeas review; (3) after learning of federal habeas review in 2008, he was transferred to a prison without a library, thus delaying his ability to initiate research; (4) most of the grounds for relief asserted in his Petition are based on new law and recently unsealed files and exhibits; and (5) he promptly sought federal review after attempting to fully litigate all of his issues by reopening state post-conviction proceedings. (ECF No. 6).

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

State court." This one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Equitable tolling may also apply. See Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Because 28 U.S.C. § 2244(d)(1) provides a statute of limitations, however, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330; see id. ("[A]ny invocation of equity to relieve the strict

4

application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

The petitioner carries the burden of showing he is entitled to equitable tolling. Id. The petitioner must demonstrate two elements: (1) that "extraordinary circumstances beyond [his] control prevented him from complying with the statutory time limit," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)); and (2) that he exercised reasonable diligence in pursuing his rights, Holland v. Florida, 560 U.S. 631, 653 (2010). The following do not constitute extraordinary circumstances justifying the equitable tolling of a federal statute of limitations: a lawyer's mistake, Rouse, 339 F.3d at 248; a petitioner's unfamiliarity with the legal process or his lack of legal representation, see Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991), cited with approval in Harris, 209 F.3d at 331; and ignorance of legal rights, whether that ignorance is due to illiteracy or otherwise, see id.

Here, the time for Carter to seek direct review of his state-court conviction concluded on August 13, 2001 when the period for filing a petition for writ of certiorari to the Supreme Court expired. See Sup.Ct. Rule 13.1 ("[A]a petition for a writ of certiorari to review a judgment in any case, civil

5

or criminal, entered by a state court of last resort is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Because Carter waited over seven years after August 13, 2001 to file a petition for post-conviction relief in the Trial Court, he cannot rely on the statutory tolling provided in 28 U.S.C. § 2244(d)(2). Thus, Carter must rely on equitable tolling to defeat the one-year statute of limitations.

The Court finds that none of the circumstances Carter cites is an extraordinary circumstance justifying equitable tolling. First, ignorance of the law caused by illiteracy and mistakes by lawyers are not valid bases for equitable tolling as a matter of law. Rouse, 339 F.3d at 248; Barrow, 932 F.2d at 478. Second, Carter was not inhibited by the lack of a law library until 2008—seven years after the time to seek direct review of his state conviction concluded. Third, Carter did not move to unseal his juvenile records until 2014, and he does not argue that the State opposed his motion. (Pet. at 4). Thus, it cannot be said that circumstances outside Carter's control prevented access to these materials. Fourth, the only "new" law that Carter cites is Miller v. Alabama, 132 S.Ct. 2455 (2012), in which the Supreme Court held that life imprisonment without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and

unusual punishments. This case is inapposite because Carter was not sentenced to life imprisonment without parole. Finally, Carter did not exercise reasonable diligence in pursuing post-conviction relief because he waited approximately seven years after the Court of Appeals denied review of his direct appeal to file a petition for post-conviction relief with the Trial Court.

Accordingly, the Court finds Carter's Petition is time-barred and will dismiss it.

## II. CONCLUSION

For the foregoing reasons, Carter's Petition is DISMISSED. A Certificate of Appealability will NOT ISSUE because Carter does not state a valid claim for the denial of a constitutional right.[2] A separate Order follows.

Entered this 23rd day of February 2016

/s/
_____
George Levi Russell, III
United States District Judge

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse, 252 F.3d at 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).

7